IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Innocent Nkwocha, | ) | C/A No. 5:12-2703-MBS-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| South Carolina State University, | ) | |
| Defendant. | ) | |

The plaintiff, Innocent Nkwocha ("Nkwocha"), filed this action alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; deprivation of due process under the United States and South Carolina Constitutions; and a state law claim of defamation against the defendant, South Carolina State University ("the University"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the University's motion for partial summary judgment as to Nkwocha's Title VII and due process claims. (ECF No. 17.) Nkwocha filed a response in opposition (ECF No. 27), and the University replied (ECF No. 28). Having reviewed the parties' submissions and the applicable law, the court finds that the University's motion should be granted.

### BACKGROUND[1]

Nkwocha was formerly employed by the University in a tenure track faculty position in the Department of Business Administration. This action arises out of the denial of tenure to Nkwocha. Nkwocha was informed on October 6, 2010 via letter dated September 30, 2010 that he had been

---

[1] The parties filed a Stipulation of Facts on April 17, 2013 (ECF No. 15), from which the following facts are drawn.



denied tenure. Nkwocha appealed his denial of tenure to the University's Faculty Grievance Committee. On February 22, 2011, the Committee notified Nkwocha that it would not hear his appeal. Nkwocha's request for reconsideration was denied. On February 28, 2011, Nkwocha was informed that he would be offered a one-year terminal contract with the University for the 2011-2012 academic year. By its terms, the contract was not renewable. The contract specifically stated that Nkwocha serves in an "at-will capacity at the pleasure of the President." (ECF No. 15-14 at 1.) On August 25, 2011, Nkwocha filed an administrative charge with the South Carolina Human Affairs Commission ("SCHAC") and the United States Equal Employment Opportunity Commission ("EEOC") asserting that the University had discriminated against him based on his gender and national origin. After receiving a right-to-sue letter, Nkowcha filed suit in state court; the University then removed the case to federal court.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted). A fact is "material" if proof of its existence or non-existence



would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Nkwocha's Claims**

   **1.     Title VII National Origin Claim**

The University correctly asserts that Nkwocha's Title VII claim alleging discrimination based on national origin is time-barred. "Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(c), (e); Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate

event in history which has no present legal consequences.' " Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005) (quoting United Air Lines v. Evans, 431 U.S. 553, 558 (1977)). The failure to file a timely charge with the EEOC bars the claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").[2]

Here, Nkwocha alleges a discrete act of discrimination—the denial of tenure. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002); see also Tademe v. Saint Cloud State Univ., 328 F.3d 982, 988 (8th Cir. 2003) (finding that the denial of tenure is a discrete discriminatory act within the meaning of Morgan). Such discrete acts "occur" for Title VII purposes on the day they happen. Morgan, 536 U.S. at 110. Specifically, the United States Supreme Court has held in the context of the denial of tenure to a college professor that the charge-filing period begins to run "at the time the tenure decision was made and communicated" to the plaintiff. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980); see also Hamilton v. 1st Source Bank, 928 F.2d 86, 88-89 (4th Cir. 1990) (*en banc*) (ADEA) ("To the extent that notice enters the analysis, it is notice of the employer's actions, *not* the notice of a discriminatory effect or motivation, that establishes the commencement of the pertinent filing period.").

Nkowcha filed his administrative charge August 25, 2011, more than 300 days after receiving on October 6, 2010 the letter informing him of the denial of tenure. Although Nkowcha argues that the Ricks Court used the date upon which the plaintiff signed his terminal contract after being denied tenure as the date on which the discriminatory act occurred (which, if used here, would render

---

[2] Although the requirement to file a timely charge is subject to waiver, estoppel, and equitable tolling, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), Nkwocha has made no such argument in this case.



Nkwocha's administrative charge timely), this contention rests on a misapprehension of Ricks. Contrary to Nkwocha's argument, the Ricks Court did not accept the date used by the district court: the date that the college notified Ricks that he would be offered a terminal contract. Rather, the Supreme Court observed that it was unnecessary to decide "whether the District Court correctly focused on the [date the terminal contract was offered], rather than the [earlier] date the Board communicated to Ricks its unfavorable tenure decision," because Ricks's administrative charge was not timely filed no matter which date was used. Ricks, 449 U.S. at 261-62 & n.17. However, as quoted above, in announcing its holding, the Ricks Court expressly stated that "the limitations period commence[s] to run when the tenure decision [is] made and [the plaintiff is] notified." Id. at 259. In fact, Nkwocha's argument on this point has been expressly rejected by the Second Circuit under similar facts. See Lomako v. N.Y. Institute of Tech., 440 Fed. Appx. 1 (2d Cir. 2011). Accordingly, the court concludes that Nkwocha's administrative charge was untimely filed and is not properly before the court. The University's motion for summary judgment must therefore be granted as to this claim.

### 2. Due Process Claims

The University argues that Nkwocha's claims for a due process violation also fail as a matter of law. To be entitled to the protections of the Due Process Clause of either the United States or South Carolina Constitutions, a plaintiff must show that he had a constitutionally protected liberty or property interest. See, e.g., Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). In the employment context, a plaintiff arguing that he has a property interest in his public employment must show that he has a "legitimate claim of entitlement" to his job. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Whether a plaintiff has a property interest in his employment is determined by reference to state law. See Bishop v. Wood, 426 U.S. 341, 344 (1976).

As a non-tenured professor and an at-will employee, Nkwocha lacked an enforceable expectation of continued employment.  Compare Ross v. Med. Univ. of S.C., 492 S.E.2d 62, 70 (S.C. 1997) (recognizing that a *tenured* professor has a property interest in continued employment that is safeguarded by due process) with Cape v. Greenville Cnty. Sch. Dist., 618 S.E.2d 881, 883 (S.C. 2005) (recognizing that an employee who is subject to a contract for a definite term is nevertheless an at-will employee when the contract contains an express provision stating that the contract was terminable at will); (2011-2012 One Year Terminal Contract, ECF No. 15-14); see also Storrer v. Univ. of S.C., 343 S.E.2d 664, 666 (S.C. Ct. App. 1986) (holding that a non-tenured faculty member did not have a viable due process claim regarding the denial of tenure because he had no property interest in his employment).

Nor can Nkwocha show a protected liberty interest.  As an initial matter, the court observes that Nkwocha did not allege a liberty interest in his Amended Complaint.  Moreover, the denial of tenure unaccompanied by any public disclosure of reasons that impugn the candidate's moral character or imply dishonesty or serious character defects does not implicate a protected liberty interest.  See Wooten v. Clifton Forge Sch. Bd., 655 F.2d 552, 555 (4th Cir. 1981); see also Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 308 (4th Cir. 2006).  Further, while Nkwocha alleges that defamatory statements were made, even assuming the facts he pleads as true, mere defamation is not actionable as a violation of the Due Process Clause.  See Siegert v. Gilley, 500 U.S. 226, 233-34 (1991).  "To implicate a constitutionally protected liberty interest, defamatory statements must at least imply the existence of serious character defects such as dishonesty or immorality that might seriously damage [the plaintiff's] standing and associations in his community or foreclose[] his freedom to take advantage of other employment opportunities."  Zepp v. Rehrmann, 79 F.3d 381, 388 (4th Cir. 1996) (internal quotation marks and citations omitted)



(alterations in original). Statements such as the ones at issue here—that Nkwocha was a "poor faculty member" "unworthy of tenure" do not rise to the level of stigma necessary to implicate a liberty interest triggering the Due Process Clause. Id. (finding statements that one could derive that the plaintiff was forced to retire due to "incompetence" or "unsatisfactory performance" did not meet the requisite standard); Hedrich v. Bd. of Regents of Univ. of Wis. Sys., 274 F.3d 1174, 1184 (7th Cir. 2001) (finding statements that the plaintiff was denied tenure because she did not meet the school's standards of scholarship were insufficient to implicate a liberty interest); see also Ridpath, 447 F.3d at 308-09 (collecting cases assessing liberty interest claims distinguishing "statements that imply [] serious character defects from statements that simply allege 'incompetence' ").

Next Nkwocha contends that his due process rights were violated by the University's alleged failure to follow the state employee grievance procedures found in S.C. Code Ann. § 8-17-380 and the procedures contained in the University's Faculty Handbook. This argument similarly fails.

First, the United States Court of Appeals for the Fourth Circuit has recognized that even when a public employer fails to follow procedures established by state law, a § 1983 due process claim is not viable where the plaintiffs are at-will employees with no constitutionally protected property interest in their employment. See Bunting v. City of Columbia, 639 F.2d 1090 (4th Cir. 1981). Similarly, a public employer's violation of its own policies and procedures does not alone give rise to a due process claim. See Kilcoyne v. Morgan, 664 F.2d 940 (4th Cir. 1981) (holding that a university's violation of procedural safeguards that are gratuitously or even contractually provided to tenure candidates does not support a claim for violation of the Due Process Clause); see also Henry-Davenport v. Sch. Dist. of Fairfield Cnty., 832 F. Supp. 2d 602, 610-11 (D.S.C. 2011) (Perry, J.) (finding that a public employer's failure to comply with its own hearing procedure did not support a due process claim under the Fourteenth Amendment when the employee had no enforceable



expectation of continued assignment in her current position), aff'd, 2012 WL 5898082 (4th Cir. 2012).

## RECOMMENDATION

Nkwocha's Title VII claim alleging national origin discrimination is time-barred, and his due process claims fail as a matter of law. Accordingly, the court recommends that the University's motion for partial summary judgment (ECF No. 17) be granted.[3]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 7, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] If this Report and Recommendation is adopted, the only claim remaining in this matter is Nkwocha's third cause of action alleging defamation under the South Carolina Tort Claims Act.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).